# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | Case No.: 1:17-cv-00505-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER VACATING FINDINGS AND RECOMMENDATIONS, AND GRANTING PLAINTIFF THIRTY DAYS TO FILE A SECOND AMENDED COMPLAINT |
| PHILIPE MECHAEL, et al., | |
| Defendants. | [ECF Nos. 8, 9] |

Plaintiff Geraldine Darden is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff did not consent or decline to United States Magistrate Judge jurisdiction; therefore, this matter has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 18, 2017, the Court dismissed the complaint, with leave to amend, for failure to state a cognizable claim for relief. Plaintiff filed an amended complaint on June 28, 2017. On July 31, 2017, the undersigned issued Findings and Recommendations recommending dismissal of the action for failure to state a cognizable claim for relief. Plaintiff filed objections to the Findings and Recommendations on September 8, 2017.

In her objections, Plaintiff elaborates on her claim that there was a pattern of denial of appropriate medication to treat her multiple sclerosis which resulted in "enormous pain." In light of Plaintiff's allegations set forth in her objections and in the interest of justice, the Court will vacate the

1

Findings and Recommendations and grant Plaintiff one additional opportunity to amend the complaint to present a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff is advised that a second amended complaint should be brief, Fed R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level…." Bell Atlantic Corp. v. Trowmbly, 550 U.S. 544, 555 (2007). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), overruled in part on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations, issued July 31, 2017, are vacated;

2. Plaintiff is granted **thirty (30)** days from the date of service of this order in which to file her second amended complaint; and

3. If Plaintiff fails to comply with this order, the Court will re-issue the Findings and Recommendations recommending dismissal of the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **September 14, 2017**

UNITED STATES MAGISTRATE JUDGE

2