UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN,<br><br>    Plaintiff,<br><br>v.<br><br>PHILIPE MECHAEL, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-00505-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 6] |

Plaintiff Geraldine Darden is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed June 28, 2017.

**I.**

**RELEVANT HISTORY**

Plaintiff filed the instant action on April 11, 2017. On May 18, 2017, the Court dismissed the complaint, with leave to amend, for failure to state a cognizable claim for relief. Plaintiff filed an amended complaint on June 28, 2017. On July 31, 2017, the undersigned issued Findings and Recommendations recommending dismissal of the action for failure to state a cognizable claim for relief. Plaintiff filed objections to the Findings and Recommendations on September 8, 2017. On September 15, 2017, the Court vacated the July 31, 2017 Findings and Recommendations and granted Plaintiff one last opportunity to file a second amended complaint within thirty days. Plaintiff has

1

failed to file a second amended complaint and the time to do so has expired. Accordingly, dismissal of the complaint is warranted.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**COMPLAINT ALLEGATIONS**

Plaintiff names Philipe Mechael, Ikwinder Singh, Robert Mitchell, and H. Longia, as Defendants.

///

1       Philipe Mechael was assigned as Plaintiff's primary care physician. At the initial medical visit, Plaintiff explained to Dr. Mechael that she experiences a high level of pain, burning hands, legs, feet, and mouth as being the most problematic symptoms as a result of multiple sclerosis. Plaintiff explained that she had been taking Gabapentin for appropriately six years and it minimized the symptoms she experienced and provided a better quality of life.

      On June 3, 2016, July 31, 2016, August 1, 2016, and October 2 through 6, 2016, Plaintiff was not able to obtain her prescribed medication.

      Plaintiff informed Dr. Ikwinder Singh in writing that she suffers from multiple sclerosis and was not getting the medication to treat her symptoms.

      Robert Mitchell, Chief Medical Executive, had previously been Plaintiff's primary care physician and was fully aware of Plaintiff's illness. Therefore, when Plaintiff was not provided medication on the dates in question, Dr. Mitchell became a responsible participant.

      At an interview on August 11, 2016, Plaintiff spoke with Dr. Longia and expressed her concerns for the lapse in her medication on the dates in question.

### III.

### DISCUSSION

**A.    Deliberate Indifference to Serious Medical Need**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective

recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [section] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted); accord Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d at 1122-23. To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's claims of inadequate medical claim stem from the denial of Gabapentin on seven separate occasions. Even assuming the validity of Plaintiff's allegations, such allegations fail to establish that any of the Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Instead, at most, the facts as alleged demonstrate nothing more than isolated occurrences of neglect that do not rise to the level of an Eighth Amendment violation. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headache, nausea and pains is not constitutional violation; it may constitute grounds for medical malpractice but does not rise to the level of unnecessary and wanton infliction of pain). In addition, the fact that Plaintiff may not have agreed with certain prescriptions or the time frame for such prescriptions is insufficient to give rise to a constitutional claim for deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for relief.

## IV.

## RECOMMENDATIONS

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended

4

complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed, without further leave to amend, for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2017**

UNITED STATES MAGISTRATE JUDGE