**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALDINE DARDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>PHILIPE MECHAEL, et al.,<br><br>  Defendants. | Case No. 1:17-cv-00505-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT AND POST SECURITY UNDER LOCAL RULE 151(b)<br><br>[ECF No. 21] |

Plaintiff Geraldine Darden is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to declare Plaintiff a vexatious litigant and post security under Local Rule 151(b), filed February 1, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants H. Longia, Philipe Mechael, Robert Mitchell, and Ikwinder Singh for deliberate indifference to a serious medical need.

As previously stated, on February 1, 2018, Defendants filed a motion that Plaintiff post security under Local Rule 151(b). Plaintiff filed a timely opposition on May 7, 2018, and Defendants filed a reply on May 14, 2018. Thus, Defendants' motion is submitted for review without oral argument. Local Rule 230(l).

1

**II.**

**DISCUSSION**

**A.     Defendants' Motion**

Defendants seek to have Plaintiff declared a vexatious litigant under California law and ordered to post security under Local Rule 151(b) of the Eastern District of California, which provides:

> On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate.  The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a *procedural* Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

Local Rule 151(b) (emphasis added).  Defendants argue that Plaintiff is a vexatious litigant as defined by California Civil Procedure Code § 391.1, which provides:

> In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security or for an order dismissing the litigation pursuant to subdivision (b) of Section 391.3.  The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Defendants further argue that Local Rule 151(b) does not require a showing of frivolousness prior to issuance of an order directing Plaintiff to post security.  In support of their argument, Defendants identify the following six cases filed in the past seven years which were decided against Plaintiff:[1]

1. <u>Darden v. Spencer</u>, Case No. 1:12-cv-01001-EPG (E.D. Cal.), dismissed on December 16, 2016 after Plaintiff failed to demonstrate a dispute of fact at summary judgment.  (Req. for Judicial Notice. (RJN), Ex. A.)

2. <u>Darden v. Spencer</u>, Ninth Circuit No. 17-15015, affirmed Case No. 1:12-cv-01001-EPG (E.D. Cal.), on November 21, 2017 as Plaintiff's brief on appeal failed to demonstrate that the

---

[1] Defendants' request to take judicial notice of the six cases is granted.  <u>See</u> Fed. R. Evid. 201; <u>see also</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (finding that the court may take judicial notice of court records in other cases); ECF No. 22.

defendant knew of, and disregarded a serious medical need.  (RJN, Ex. B.)

       3.    Darden v. Singh, Case No. 1:12-cv-01104-AWI-MJS (PC), dismissed on October 29, 2012, after Plaintiff failed to plead a deliberate indifference claim against the Defendant.  (RJN, Ex. C.)

       4.    Darden v. Singh, Ninth Circuit Case No. 12-17588, voluntarily dismissed by Plaintiff on February 20,2 013.  (RJN, Ex. D.)

       5.    Darden v. Arain, Case No. 1:12-cv-00663-SKO, was screened and dismissed on October 26, 2012, for failure to state a cognizable claim.  (RJN, Ex. D.)

       6.    Darden v. Arain, Ninth Circuit Case No. 12-17814, affirmed Case No. 1:12-cv-00663-SKO on October 4, 2013, as Ninth Circuit concluded that Plaintiff failed to plead a deliberate indifference claim.  (RJN, Ex. E.)

### B.     Vexatiousness Under Federal Law

The Court finds that Local Rule 151(b) is a procedural rule which allows courts in this district to impose payment of a security if the plaintiff is found to be vexatious.  Because Local Rule 151(b) is a procedural rule, the Court must look to federal substantive law, not California law, for the definition of vexatiousness and whether posting of security should be required.  See, e.g., Smith v. Officer Sergeant, Case No. 2:15-cv-0979 GEB DB P, 2016 WL 6875892, at *2 (E.D. Cal. Nov. 21, 2016) (the court looks to federal law, not state law, to define a vexatious litigant."); Cranford v. Crawford, Case No. 1:14-cv-00055-AWI-MJS (PC), 2016 WL 4536199, at *3 (E.D. Cal. Aug. 31, 2016 ("… the state statutory definition of vexatiousness is not enough to find a litigant vexatious in federal court."); Goolsby v. Gonzales, Case No. 1:11-cv-00394-LJO-GSA-PC, 2014 WL 2330108, at *1-2 (E.D. Cal. May 29, 2014) ("Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower.  While Local Rule 151(b) directs the Court to look to state law for the procedure in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent…. [T]he mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness."); Stringham v. Bick, Case No. CIV S-09-0286 MCE DAD P, 2011 WL 773442, at *3 (E.D. Cal. Feb. 28, 2011) (although more than

five unsuccessful lawsuit had been filed in the preceding seven years, the court could not find that the filings were so "numerous or abusive" or "inordinate" to warrant a vexatious order).

The Court has inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter a pre-filing order against a vexatious litigant, but a pre-filing order is "an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A pre-filing order "can tread on a litigant's due process right of access to the courts" and it should not be entered "with undue haste" or without "a cautious review of the pertinent circumstances." Molski, 500 F.3d at 1057 (citation omitted). The focus under federal law is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. Molski, 500 F.3d at 1061; De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Prior to entering a pre-filing order against a litigant, (1) the litigant must be given notice and an opportunity to be heard, (2) the Court must compile an adequate record, (3) the Court must make substantive findings about the frivolous or harassing nature of Plaintiff's litigation, and (4) the pre-filing order must be narrowly tailored to closely fit the specific vice encountered. Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-48) (quotation marks omitted).

In order to sanction a litigant pursuant to the court's inherent powers, the Court must make a specific finding of "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). "Bad faith" mean a party or counsel acted vexatiously, wantonly or for oppressive reasons." Chambers v. Nasco, Inc., 501 U.S. 32, 45-46 (1991). Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. See Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) (the plaintiff's claims must not only be numerous, but also be patently without merit). The Ninth Circuit has defined vexatious litigant as "without reasonable or probable cause or excuse, harassing, or annoying." Microsoft Corp. v. Motorola, Inc., 696 F.3d 872, 886 (9th Cir. 2012).

The voluntary dismissal of an action and the failure to prevail on a motion for summary judgment are not indicative of bad faith. Although Plaintiff had two cases dismissed for failure to state a cognizable constitutional claim, there is no basis presented to find bad faith on the part of Plaintiff. Defendants do not argue and on the record before the Court there is basis to render a specific finding of bad faith, or to declare Plaintiff a vexatious litigant under federal law. Accordingly,

Defendants have failed to meet their burden of demonstrating that Plaintiff is a vexatious litigant under the applicable federal standards provided by Local Rule 151(b).

### C. Vexatiousness Under California Law

Furthermore, even if the more lenient standard under California law applied, the Court still finds that Defendants' have failed to make the requisite showing to order security. Under California law, a vexatious litigant, in relevant part, is one who in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been finally determined adversely to the person. Cal. Civ. Proc. Code § 391(b)(1) (quotation marks omitted). Under California Civil Procedure Code section 391(b) there is no requirement of evidence of misconduct on the part of Plaintiff and any final determination which was adverse to Plaintiff qualifies.

As set forth above in Section A, Defendants have presented and the Court has taken judicial notice of the fact that Plaintiff has filed six unsuccessful federal-court actions that have been adversely determined against Plaintiff. Darden v. Spencer, Case No. 1:12-cv-01001-EPG (E.D. Cal.); Darden v. Spencer, Ninth Circuit No. 17-15015 (affirmed Case No. 1:12-cv-01001-EPG (E.D. Cal.));[2] Darden v. Singh, Case No. 1:12-cv-01104-AWI-MJS (PC); Darden v. Singh, Ninth Circuit Case No. 12-17588;[3] Darden v. Arain, Case No. 1:12-cv-00663-SKO; Darden v. Arain, Ninth Circuit Case No. 12-17814 (affirmed Case No. 1:12-cv-00663-SKO). However, in order to find Plaintiff a vexatious litigant, the Court must also determine whether he has a reasonable probability of prevailing in this action. Cal. Civ. Proc. Code §§ 391.1, 391.3.

### D. Reasonable Probability of Prevailing

This action is proceeding against Defendants H. Longia, Philipe Mechael, Robert Mitchell, and Ikwinder Singh for deliberate indifference to a serious medical need. Plaintiff contends that her MS condition was mismanaged and Defendants failed to provide her adequate medical treatment.

---

[2] See McColm v. Westwood Park Ass'n, 62 Cal.App.4th 1211, 1220-21 (Cal. Ct. App. 1998) (appeals are considered "new" litigation within the meaning of California's vexatious-litigant statute), disapproved on other grounds in John v. Superior Court of Los Angeles, 63 Cal.4th 91, 99, n.2 (Cal. 2016).

[3] See Tokerud v. Capitolbank Sacramento, 38 Cal.App.4th 775, 779 (1995) (voluntary dismissal constitutes an adverse determination because it furthers the intent and purposes of vexatious litigant legislation).

Defendants argue that: (1) Plaintiff received continuous, medically acceptable treatment for her dormant MS; and (2) the occasional lapses in Plaintiff's Gabapentin treatment resulted in de minimis harm.

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Further, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d at 987-88; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

|   |   |
|---|---|
| 1 | Defendants argue that Plaintiff's treatment history reveals that she received regular Neurology |
| 2 | care which demonstrated that her condition's objective symptoms have plateaued. (Declaration of Dr. |
| 3 | I. Singh (Singh Decl.) ¶ 6.) Dr. Singh declares that regular symptoms of MS include vision loss, pain, |
| 4 | weakness, and fatigue, and the symptoms vary in duration and severity among patients. (Id.) |
| 5 | Defendants submit that although Plaintiff contends she was without Gabapentin on certain days, she |
| 6 | could have requested emergency care, or requested that the on-call doctor immediately prescribe |
| 7 | something for her pain. (Singh Decl. ¶ 9.) Further, Dr. Singh declares that the prescription for |
| 8 | Gabapentin requires a co-pay from Plaintiff prior to renewal, and although there was an error and |
| 9 | delay in her Gabapentin prescription from October 2-12, 2016, Plaintiff was prescribed Trileptal from |
| 10 | October 6-12, 2016. (Singh Decl. ¶ 10.) |
| 11 | Based on the record, it is not clear that Plaintiff has no reasonable probability of succeeding on |
| 12 | the merits of his case. Defendants do not dispute the severity of Plaintiff's MS condition. (Reply, at |
| 13 | 1; ECF No. 28.) While Defendants submit the declaration of Dr. Singh who declares that Plaintiff had |
| 14 | other options available or was provided sufficient treatment, the Court cannot find at this juncture, that |
| 15 | there is no reasonable likelihood he can proceed on the merits of his claim against any Defendant in |
| 16 | this action. Plaintiff contends she was intentionally denied Gabapentin medication on June 3, July 31, |
| 17 | August 1, and October 2-6, 2016, and Defendants were aware of her complaints that the other |
| 18 | medication was not effective, yet failed to take action. (2nd Amd. Compl. at 4-7; ECF No. 14.)[4] In |
| 19 | support of her claim, Plaintiff attaches medical progress notes dated August 2, 2016 in which it was |
| 20 | noted that Plaintiff "was taken off Gabapentin 800mg PO BID abruptly. Per MAR no pain |
| 21 | medications ordered except for nursing protocol Aleve. [Plaintiff] states her pain is 10/10." (2nd |
| 22 | Amd. Compl., Ex. C.) Plaintiff also attaches a copy of a health care services form in which a lay-in |
| 23 | was entered on October 6, 2016 and further follow-up was necessary. (2nd Amd. Compl., Ex. B.) |
| 24 | Accordingly, based on the competing allegations and without evidence specific as to each Defendant, |
| 25 | at this stage of the proceedings, the Court cannot determine that Plaintiff has no reasonable |

---

[4] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

opportunity to prevail on the merits in this action.[5]  See, e.g., Hollis v. Dezember, No CIV S-08-02810 KJN P, 2010 WL 4220535, at *2 (E.D. Cal. Oct. 20, 2010) (denying defendants' motion to declare plaintiff a vexatious litigant because the court could not determine at that juncture that there was no reasonable probability that plaintiff would not prevail against any defendant).  In sum, while the Court must evaluate and weigh the evidence in determining whether Plaintiff has a reasonable probability of prevailing, the type and weight of evidence in this case "does not so clearly favor" Defendants that the Court can find that Plaintiff has no reasonable probability of prevailing.  Therefore, Defendants' motion to declare Plaintiff a vexatious litigant and post security should be denied.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to declare Plaintiff a vexatious litigant and post security prior to proceeding with this action be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 17, 2018**

UNITED STATES MAGISTRATE JUDGE

---

[5] This finding should not be construed as a ruling on the actual merits of Plaintiff's claims or foreclose the filing of a motion for summary judgment.   Cal. Civ. Proc. Code § 391.2

8

9